Do you please the court? My name is Kosha Hicks, and I represent the petitioner, Mr. Mike Luong. I'd like to reserve two minutes for the following. Now, the court issued an order asking us to address three particular issues at oral argument today, so I'd like to start straight away with those. And the short answers to the court's questions are, number one, no, the 1986 conviction is not a proper basis for Mr. Luong's removal under Ladezna Galicia. Ladezna Galicia is currently under review by our court to determine whether it be called on bonk. If it is overturned or vacated, what's your position? If Ladezna Galicia is vacated, then certainly it can't be applied to Mr. Luong. Right. I certainly agree with that. What's the lie if Ladezna Galicia is gone? Well, it appears that if Ladezna Galicia is gone, then a 1986 aggravated felony ground would have survived the passage of the Immigration Act and ERIRA, and so the argument that the 1986 conviction is no longer a proper basis for removal, that would have to unfortunately fall by the wayside. So basically you rise and fall primarily on the viability of Ladezna Galicia? On that issue, yes. On that issue. And then we'd be left with the issues that we've raised. Okay. Now, if I have understood or anticipated the court's jurisdictional concern correctly, it is that, of course, Mr. Luong did not raise the issue of the basis for his removal at the agency level or in his briefing before this court. I agree. And, of course, the general rule is that a petitioner must exhaust all administrative remedies that he has as a right before the court will review the issue. However, there are at least two exceptions to this rule, and both of them apply with quite a bit of force in this case. First, the exhaustion requirement is excused if resort to the board would have been futile, and in this case it certainly would have. Under this court's precedent in Son v. Ashcroft, if the agency is constrained by prior adverse decisions, then resort to the agency on that issue would have been futile. Now, here the BIA had decided matter of Lettman and matter of Truong, and in both cases held the opposite of what this court held on Ladezna Galicia. And several unpublished opinions followed along the heels of matter of Lettman and matter of Truong. So had Mr. Long attempted to raise this issue before the BIA, they would have stuck with their precedent. And under this court's authority in L.S. Caute Legal Services v. the EOIR, where the agency's position appears to be set, and it is, quote, very likely that the result would have been the same, then exhaustion is not required. And that is certainly what would have happened here. As a secondary matter, under the Ladezna Galicia holding, the issue is that if Ladezna Galicia continues to be precedent, then to allow Mr. Long's removal proceedings to stand based on a crime that he was convicted of in 1986, that would result in an impermissible retroactive application of the statute to him. And that, of course, raises due process concerns. Under this court's authority in Padilla Padilla v. Gonzalez, an immigrant is not required to address constitutional questions before the board because the board does not have the authority to rule on constitutional issues. So jurisdiction in this case is proper because Mr. Long is excused from having to address these issues below. Now, if this court asserts jurisdiction and applies Ladezna Galicia here, then it is an absolute win for Mr. Long. We would ask the court to remand to the BIA to apply Ladezna Galicia. And the 1986 conviction is the sole basis for these removal proceedings. And so that would effectively put an end to this in a positive way for Mr. Long. And that would be the end of this, and that would be what we would request that the court do. I'm also happy to address the issues that we've briefed if the court has any questions on those matters. Otherwise, I would just reserve my remaining time for some of my own. May I ask you, which law firm are you from? Winston and Strong, Your Honor. Thank you very much for doing the pro bono work. This is a really tough immigration case. It is. I have no respect for people who practice immigration. Before you sit down, counsel, if we do turn to the merits, because of the fact that that 1986 conviction is a crime of violence, we're in this conundrum here where you need to apply 212C and 212H simultaneously. That's right, Your Honor. And we sent it back to the agency to ask whether that was permissible, and the BIA has now clearly said no, that under our regulations you can't do that. That's right, Your Honor. So how does he win on that issue? Well, the BIA did two things. First, it held that the simultaneous, basically the waiver-stacking argument that we have would not work. And the issue the last time we were on appeal was that the BIA had not decided that issue, and so the court could not review it. Now the BIA has made a decision, but the question of whether two statutes can be applied together in that way is a question of law, and this court is free to review that. Is it a question of law, or do we have to give deference to, because it is by no means clear, and because of the fact that there's an ambiguity in how the two statutes apply, what deference do we owe the agency to the interpretation that it rendered on review? I don't think the court owes deference to the agency in this instance. At all? Not even Skidmore deference? Not even a little bit of deference? I give them a little bit of deference, Your Honor. However, this court has taken up the issue, for example, of whether a 212C waiver could be used in conjunction with cancellation of removal. And so in that sense, this court does review the question of whether two forms of discretionary relief can be used together. But how does that – this gets really complicated, because how does that interact with the general statutory prohibition under 1252A that we don't have jurisdiction to review the discretionary determination by attorney? Well, the court does not have jurisdiction to review the discretionary decision. But here, no discretionary decision has been made yet. The question up until this point has continued to be whether he's even eligible for relief. But the problem is that the regulations declare that if he's been convicted of a crime of violence, then he's just not eligible for the relief at all. Well, on the briefing before the – up until the BIA, the BIA's decision, and then the government's briefing on this point, nobody has raised the issue of whether he's ineligible for a 212C waiver because – simply because of a crime of violence. To the extent that the government has disputed his eligibility for a 212C waiver, which has been minimal, and an earlier panel of this court, in fact, during oral argument, was clear about that. To the extent they've disputed it, it's been on the ground that there is – there was no comparable ground of an invisibility to apply the 212C waiver. But Mr. Luong applied for the waiver in conjunction with an adjustment of status. And so in that case – But we're back to the stacking argument, aren't we? Right. So he would need the adjustment of status, the 212C, and the 212H. And the BIA says, no, we can't do that. It does. Okay. But our position is – Is there a really good reason why we should? Pardon me, Your Honor? Is there a good reason why the stacking should be permitted? Yes, Your Honor, because – two reasons. One is that there's no – there's no authority that says it can't be other than what the BIA has decided. And to the extent the government offers authority, it's in the context of cancellation of removal, which is a different kind – it's a different situation. Cancellation of removal replaced the 212C waiver. And in the text of the cancellation of removal statute, it says that an immigrant is not eligible to receive that type of relief if he has already received a 212C waiver. The 212H statute does not have that language. And so there's no prohibition for – to receive the two waivers. And in Mr. Luong's case, his particular circumstances, if he applies them both in the same proceeding, then he'll get relief for both of the convictions that are blocking the path to his adjustment of status. Thank you. We call it a Hicks waiver. Exactly, Your Honor. Good morning, Your Honors. May it please the Court, my name is Julie Iverson, and I represent the United States Attorney General. Just to get right to your questions as well, we believe that question number two about jurisdiction is dispositive here. We believe that Mr. Luong never raised the issue of his removability or any retroactivity challenges to the Board, and therefore this Court has no jurisdiction to consider those claims now. Indeed, in its reply brief, Petitioner stated that retroactivity was long ago foreclosed by this Court and is not now before it. So it was never raised to this Court and it was never exhausted to the Board, therefore removability is not in play anymore and it should only be about relief. Therefore, we believe that the Court need not reach the end court of Ledesma on this case. What about the futility of it? The futility, well, based on the precedent? Yeah. Well, we believe that there have been instances where the alien has challenged his removability or has not challenged his removability to the Board, and this Court found that they did not have jurisdiction over that removability challenge, even where it was a challenge to his removability. Yeah. Do you know of any authority where we have held that raising an issue to the Board would have been futile? I'm not sure about futile, but I know of authority where they didn't raise a removability challenge to the Board. But here, not only is it futile, but they never raised that in their opening brief. So that's a distinction. Not only was it not exhausted, but they never raised it to the Court in their first position for review. It was all about relief. They never raised it in their opening brief. And also, they seem to have forfeited or waived any contention in their reply brief, footnote 1, which says that retroactivity is not even an issue here. So I think that's a distinction for the futility argument. I think in aliens who previously made a futility argument, they then went to the courts of appeals and said, I'm challenging this argument. It would have been futile for me to challenge it. To the contrary, here, it's never been raised before today. Until we ask the question. Yes, Your Honor. So we believe that. Well, Ledesma's not very old. No, it's not. This was briefed quite a while ago, I guess. I believe our oral argument was probably about five years ago. Also, we believe that that was incorrectly decided. As you mentioned, there's currently an en banc petition for rehearing, and it's pending in which we put forth our reasons why we believe that was incorrectly decided. As far as the stacking arguments go, I believe that the Board did address that, and they did find that you can combine different waivers. But the problem in this case is the 1998 conviction for robbery renders Mr. Long inadmissible. He needs that adjustment of status to be granted in order to stay. He's inadmissible because he has that time-involving moral turpitude robbery conviction. And that's the one where our cases say that it doesn't have to be listed in the order to show cause, but it can be considered when the Board is determining whether or not it can afford any relief. Exactly, Your Honor, because here he needs adjustment of status. He's removable, as you say, because the crime of violence has no comparable ground of inadmissibility. He needs adjustment of status. He has to show he's admissible to get adjustment of status. He's inadmissible because of a time-involving moral turpitude. He can get a 212H waiver, but he has to show that he was not convicted of an aggravated felony. Here he has two aggravated felonies, either of which preclude him from relief. All right. Are there any further questions of the Court? Thank you. Thank you, Your Honor. I'd like to take a minute on rebuttal. In terms of the briefing before this Court, the Court also does not require a matter to be put into the briefs if not taking jurisdiction would result in a manifest injustice. Now, until, and that's under Alkaraz v. the INS. Now, unless and until the Court grants the rehearing on Bonk, Ledesma Galicia is precedent in this circuit, and Mr. Long is entitled to the benefit of that precedent. Now, obviously the most parsimonious way to deal with this matter is to remand to the BIA to apply Ledesma Galicia. But if we need to venture into the issues that we briefed, they certainly become thornier. Well, what about that last point of the 1998 conviction? That's a problem for Mr. Long. That's why he needs the 212H waiver. But he can't get it because he's got a subsequent conviction for a crime of violence. Well, the BIA incorrectly held that the 1998 crime was an aggravated felony, and that seems to be the problem here. The aggravated felony requires that the immigrant be sentenced to a term of imprisonment of at least one year. Now, here Mr. Long was sentenced to three years of probation and 180 days in jail. And under this Court's precedent, United States v. Jimenez and Moreno-Cisneros, the crime does not become an aggravated felony unless and until the probation is revoked and the immigrant is then sentenced to jail time. Doesn't sound right to me, but we'll check it. Good argument. Thank you, Your Honor. Thank you. Again, we thank both counsel and appreciate participation in our pro bono program. The case just argued is submitted for decision. You'll hear the next case, which is Atlas Equity v. Chase Bank.
judges: Schroeder, Tallman, Smith M.